﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 190205-2661
DATE: July 25, 2019

ORDER

Service connection for a right knee disability is denied.

Service connection for a low back disability is denied.

Service connection for a right ankle disability is denied.

FINDINGS OF FACT

1. Arthritis of the right knee was not shown during service or for many years thereafter, and the preponderance of the evidence is against a finding that a current right knee disability was incurred in or caused by service.

2. The preponderance of the evidence is against a finding that a current low back disability was incurred in or caused by service or caused or aggravated by a service-connected disability.

3. The evidence of record does not show that the Veteran has a right ankle disability.

CONCLUSIONS OF LAW

1. The criteria for establishing entitlement to service connection for a right knee disability have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018).

2. The criteria for establishing entitlement to service connection for a low back disability have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2018).

3. The criteria for establishing entitlement to service connection for a right ankle disability have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. § 3.303 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from February 1971 to June 1971, with additional service in the Army Reserve through January 1976. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2018 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. The Veteran selected the Higher-Level Review lane, and a Higher-Level Review decision was issued in September 2018. On February 5, 2019, the Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Service Connection 

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Generally, to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Where a veteran served continuously for 90 days or more during a period of war, or during peacetime service after December 31, 1946, and arthritis becomes manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. Service connection may also be established for a disability which is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a). 

The Board acknowledges that the Veteran has not received a VA examination pursuant to his claims for service connection. However, as there is no credible evidence of an in-service event, injury, or disease related to any of his claimed disabilities, a VA medical examination or opinion is not required. See 38 C.F.R. § 3.159(c) (2018); see also McLendon v. Nicholson, 20 Vet. App. 79, 84 (2006); Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010) (noting that a conclusory lay statement that a current condition is related to service is insufficient to warrant a medical examination because it would “eliminate the carefully drafted statutory standards governing the provision of medical examinations and require the Secretary to provide such examinations in virtually every veteran’s disability case”). 

1. Entitlement to service connection for a right knee disability

The Veteran seeks service connection for a right knee disability, which he asserts was incurred during service. In February 2018 and June 2018 written statements, the Veteran indicated that he injured his knee while running up a hill during physical training at Fort Sam Houston. However, in a May 2018 notice of disagreement (NOD), the Veteran indicated that he injured his right knee climbing a hill while on patrol in Vietnam. 

Upon review of the record, the Board finds that the preponderance of the evidence is against a finding that a current right knee disability was incurred in or caused by service.

Although the Veteran claims that he has experienced continued right knee pain ever since service, his assertions are not consistent with the evidence of record. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (finding that in weighing credibility, VA may consider inconsistent statements, internal inconsistency, and consistency with other evidence of record). Service treatment records show no complaints of or treatment for knee pain during service. A June 1971 report of medical examination shows that the Veteran’s lower extremities were normal upon his discharge from active duty, and on an accompanying report of medical history, he denied having or ever having had swollen or painful joints; trick or locked knee; arthritis or rheumatism; or bone, joint, or other deformity. A January 1973 Army Reserve examination report likewise shows that the Veteran’s lower extremities were normal, and he again denied having or ever having had swollen or painful joints; trick or locked knee; arthritis or rheumatism; or bone, joint, or other deformity. Thereafter, the record shows no complaints of or treatment for a right knee condition until approximately 2004. Thus, the Board finds the Veteran’s assertion of suffering a knee injury with continued pain since service to lack credibility. The Board finds the contemporaneous medical evidence to be significantly more credible and probative than statements made to VA for purposes of seeking compensation. See Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (VA cannot ignore a veteran's testimony simply because the veteran is an interested party; personal interest may, however, affect the credibility of the evidence); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (the Board can consider bias in lay evidence, the significant time delay between the affiants' observations and the date on which the statements were written, and conflicting statements of the veteran in weighting credibility). 

The Board has reviewed and considered a February 2018 opinion from a private physician who has treated the Veteran since 2004. The physician reviewed the evidence of record and opined that the Veteran’s current arthritic changes and meniscal pathology were the direct result of his in-service knee injury that occurred at Fort Sam Houston. However, the Board assigns no probative value to this opinion, as it is based on the Veteran’s assertion that he suffered an injury during service and experienced continued right knee problems ever since service, which the Board has already found lacks credibility. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (holding that “[a]n opinion based on an inaccurate factual premise has no probative value”).

To the extent that the Veteran believes that a current right knee disability is related to service, as a lay person, he has not shown that he has specialized training sufficient to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). In this regard, the diagnosis and etiology of knee disabilities are matters not capable of lay observation and require medical expertise to determine. Thus, the opinion of the Veteran regarding the etiology of a current knee disability is not competent medical evidence. 

The Board notes that in a May 2019 written statement, the Veteran’s representative argued that the AOJ erred in failing to take additional steps to confirm whether the Veteran served in Vietnam, which is relevant to the Veteran’s claims because he asserts that he was injured in Vietnam. However, the Board disagrees. The AOJ obtained the Veteran’s service personnel file, which includes his record of assignments from 1971 through 1976, and his DD Form 214, which indicates that the Veteran had no foreign service. Furthermore, after the May 2018 NOD in which the Veteran claimed he injured his right knee in Vietnam, he submitted a June 2018 written statement indicating that he injured his right knee “in 1971 at Fort Sam Houston, Texas during the Vietnam Era.” Thus, it is not clear that the Veteran is actually claiming that he served in Vietnam. Moreover, the AOJ obtained the Veteran’s service treatment records, which contain no evidence of a right knee injury. As the Veteran has not asserted, and the record does not suggest, that he served in combat, the question of whether the Veteran served in Vietnam is not relevant to establishing that he injured his right knee during service. See Dalton v. Nicholson, 21 Vet. App. 23, 37 (2007) (holding that pursuant to 38 U.S.C. § 1154(b), lay statements may be sufficient to establish the in-service incurrence of an injury or disease for combat veterans). Therefore, the Board finds that no duty to assist error occurred prior to the February 2, 2019 RAMP opt-in election, and a remand is not necessary. 

2. Entitlement to service connection for a low back disability

The Veteran asserts that a current low back disability was caused by gait abnormalities due to favoring one knee. Upon review of the record, the Board finds that the preponderance of the evidence is against a finding that a current low back disability is related to service or caused or aggravated by a service-connected disability. 

The Veteran does not assert, and the record does not suggest, that a current low back disability is directly related to service. Indeed, service treatment records show no complaints of or treatment for a back condition during service. A June 1971 report of medical examination shows that the Veteran’s back and musculoskeletal system were normal upon his discharge from active duty, and he denied any back trouble of any kind on an accompanying report of medical history. Likewise, a January 1973 Army Reserve examination report shows that the Veteran’s spine and musculoskeletal system were normal, and he denied any recurrent back pain on an accompanying report of medical history. As such, service connection is not warranted on a direct basis, nor is there evidence of arthritis within a year of discharge. Moreover, as service connection is not in effect for a right knee disability, service connection cannot be established on a secondary basis. See 38 C.F.R. § 3.310.

3. Entitlement to service connection for a right ankle disability

Upon review, the Board finds that the evidence of record does not show that the Veteran has a right ankle disability. Service treatment records show no complaints of or treatment for a right ankle disability during service. A June 1971 report of medical history shows that the Veteran’s lower extremities were normal upon his discharge from active duty. On an accompanying report of medical history, he reported occasional cramps in his calves, but denied any swollen or painful joints; arthritis or rheumatism; or bone, joint or other deformity. A January 1973 Army Reserve examination report shows that the Veteran’s lower extremities were normal, and he denied any swollen or painful joints; arthritis or rheumatism; or bone, joint or other deformity. Post-service treatment records likewise show no treatment, complaints or diagnosis of a right ankle disability. 

Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. See 38 U.S.C. §§ 1110; 1131. In the absence of proof of present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see also Degmetich v. Brown, 104 F.3d 1328, 1332 (1997) (38 U.S.C. § 1131 requires existence of present disability for VA compensation purposes); see also Wamhoff v. Brown, 8 Vet. App. 517, 521 (1996). As the preponderance of the competent, credible, and probative evidence is against the claim, service connection for a right ankle disability is denied. See Gilbert, 1 Vet. App. at 53.

(Continued on the next page)

 

In reaching the above conclusions, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claims, the doctrine is not for application. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

 

K. A. BANFIELD

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Banister, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.